IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SCOTT THOMAS MCALPIN,

Petitioner,

v.

MATTHEW CATE,

Respondent.

No. C 12-6015 WHA (PR)

**ORDER TO SHOW CAUSE**

## INTRODUCTION

Petitioner, a California prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254. He has paid the filing fee. Respondent is ordered to show cause why the petition should not be granted based on petitioner's cognizable claims.

## STATEMENT

In 2008, petitioner was convicted in Contra Costa County Superior Court after a jury found him guilty of first-degree murder, and the following year she was sentenced to a term in state prison. On direct review, the California Court of Appeal affirmed the conviction and sentence, and the California Supreme Court denied a petition for review. A habeas petition was thereafter denied in the Contra Costa County Superior Court.

## ANALYSIS

A. **STANDARD OF REVIEW**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in

1 custody pursuant to the judgment of a State court only on the ground that he is in custody in
2 violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a); *Rose*
3 *v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading
4 requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ
5 of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state
6 court must "specify all the grounds for relief which are available to the petitioner ... and shall
7 set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of
8 the Rules Governing Section 2254 Cases, 28 U.S.C. foll. 2254. "'[N]otice' pleading is not
9 sufficient, for the petition is expected to state facts that point to a 'real possibility of
10 constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d
11 688, 689 (1st Cir. 1970)).

**B.    LEGAL CLAIMS**

Petitioner claims: (1) the superior court did not have jurisdiction over his case; (2) he received ineffective assistance of counsel; (3) the prosecutor knowingly presented perjured testimony; (4) the prosecutory discriminated against women in his use of peremptory challenges of women jurors, in violation of petitioner's constitutional rights; (5) jury instructions regarding provocation were erroneous, and these errors were compounded by the prosecutor's argument; and (6) the erroneous admission of hearsay evidence violated petitioner's right to due process. When liberally construed, these claims are cognizable, and an order to show cause will issue.

**CONCLUSION**

In light of the foregoing,

1. The clerk shall mail a copy of this order and the petition with all attachments to the respondent and the respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on the petitioner.

2. Respondent shall file with the court and serve on petitioner, within **84 days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claims found cognizable herein. Respondent shall file with the answer and serve on

petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within **28 days** of the date the answer is filed.

3. Respondent may file, within **84 days**, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within **28 days** of the date the motion is filed, and respondent shall file with the court and serve on petitioner a reply within **14 days** of the date any opposition is filed.

4. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: December 20, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.12\McALPIN6015.OSC.wpd